# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

THELMA WILLIAMS                                                                                    PLAINTIFF
ADC #93197

v.                                         NO. 2:12CV00010 JLH/HDY

W. McNARY, *et al.*                                                                               DEFENDANTS

## ORDER

Plaintiff, currently incarcerated at the Arkansas Department of Correction's East Arkansas Regional Unit, filed a *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on January 12, 2012. Plaintiff did not pay the $350.00 filing fee, or file an application for leave to proceed *in forma pauperis*.

Because Plaintiff's complaint must be dismissed, without prejudice, pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), Plaintiff is not entitled to proceed *in forma pauperis*.

Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had more than three prior civil actions dismissed for failure to state a claim upon which

relief may be granted.[1] Plaintiff's three-strike status has been previously recognized.[2]

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint, that he is not in imminent danger of serious physical injury. Specifically, Plaintiff is alleging that his legal work has been taken. Such allegations do not describe imminent danger of serious physical injury.

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the entry date of this order, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

2. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this order or any judgment entered hereunder, would not be taken in good faith.

DATED this 17th day of January, 2012.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE

---

[1]*See Williams v. Gibson et al.*, ED/AR No. 5:07CV00178 (filed July 13, 2007); *Williams v. Bennett et al.*, ED/AR No. 5:07CV00179 (filed July 13, 2007); *Williams v. Smallwood et al.*, 5:07CV00181 (filed July 13, 2007); *Williams v. Wright et al.*, ED/AR No. 4:11CV137 (filed February 15, 2011).

[2]*See Williams v. Marshall*, ED/AR No. 4:11CV250 (filed March 17, 2011); *Williams v. Meinzer et al.*, ED/AR 5:11CV168 (filed June 30, 2011).